```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENIM TEARS, LLC,

*Plaintiff*

v.

ALL-IN-ONE STORE, AOSHIYA WORK PANTS STORE, BEATA LES TENDANCE STORE, CATHERINE'S WARDROBE STORE, COSY ZONE777 STORE, DONGGUAN BAITE TECHNOLOGY CO., LTD., DONGGUAN CAIHENG APPAREL CO., LTD., DONGGUAN SANNIU CLOTHING CO., LTD., DONGGUAN WEIYOU IMPORT EXPORT CO., LTD., DONGGUAN YILAN GARMENT CO., LTD., DONGGUAN YIXIAN GARMENT CO., LTD., EHMD OFFICIAL STORE, ESSENTIALS 11 STORE, FASHION TRENDY SHOP STORE, FIRMRANCH ANOTHER STORE, FOSHAN JIANGHUITONG TRADING CO., LTD., FUJIAN QUANZHOU TEQIAN TRADE CO., LTD, GREEN FIARY STORE , GUANGXI JINSHUXIANG APPAREL CO., LTD., GUANGZHOU BAIYUN JINSHA YANGWANG BOUTIQUE STORE, GUANGZHOU BEICHAO CLOTHING CO., LTD., GUANGZHOU BOXU TRADING CO., LTD., GUANGZHOU FANSHENG TRADE CO., LTD., GUANGZHOU JIAERDI GARMENT CO., LTD., GUANGZHOU JSW TECHNOLOGY CO., LTD., GUANGZHOU JUNBO CLOTHING CO., LTD., GUANGZHOU KULA CLOTHING CO., LTD., GUANGZHOU LANGSHI GARMENT CO., LTD., GUANGZHOU LEISURELY FASHION CORPORATIONLIMITED, GUANGZHOU LUOSI INTERNATIONAL TRADING CO., LTD., GUANGZHOU NINGPU GARMENTS CO., LTD., GUANGZHOU PEI MING CLOTHING CO., LTD., GUANGZHOU QIRUN TRADING CO., LTD., GUANGZHOU RUIBEIER INDUSTRIAL CO., LTD., GUANGZHOU SUNHOUSE CO., LTD., GUANGZHOU TIANDUODUO TRADING CO., LTD., GUANGZHOU WEI ZHU CLOTHING CO., LTD., GUANGZHOU YILUHONG GARMENT CO., LTD., GUANGZHOU YINIER CLOTHING FIRM, GUANGZHOU YOUYUAN GARMENT CO., LTD., GUANGZHOU YUNYING CLOTHING CO., LTD.,

24-cv-5674 (GHW)

[PROPOSED]
PRELIMINARY
INJUNCTION ORDER

HAKKA SISTER (GUANGZHOU) TECHNOLOGY CO., LTD, HEFEI OMG IMPORT AND EXPORT CO., LTD, HELLSTAR STUDIOS OFFICE STORE, HENAN LANSHENG TRADING CO., LTD., HENGSHUI LIQI TRADING CO., LTD., HENGSHUI NADAQI TRADING CO., LTD., HENGYANG JAYJAY TRADING CO., LTD., JIAN 'OU BORUI TRADING CO., LTD., JIANGXI FRIENDS GARMENT CO., LTD., JIANGXI SHIYIXIA CLOTHING CO., LTD., JINHUA YUMCO IMPORT AND EXPORT CO., LTD., KANYE STREETWEAR STORE, LOUISFASHION LIMITED, MC INDUSTRIAL (GUANGZHOU) CO.,LTD., MFASHION STORE, NANCHANG MAIKOUQI CLOTHING TRADING CO., LTD., NANJING SHENGSHIYUAN INTERNATIONAL TRADE CO., LTD., NVFELIX SPECIALTY STORE, ORIENTAL JINGWEI (XIAMEN) IMPORT & EXPORT CO., LTD., QUANZHOU CHENSHENG TRADING CO., LTD., QUANZHOU CITY FENGZE DISTRICT ZHUOKE TRADING CO., LTD., QUANZHOU FENGZE DISTRICT SHENGQIAOZHI SHOES CLOTHING FIRM, QUANZHOU HOHAI TRADE COMPANY LIMITED, QUANZHOU MINYOU IMPORT AND EXPORT CO., LTD., QUANZHOU PATTI TRADING CO., LTD., SHENZHEN HOYUGO FASHION CO., LTD., SHENZHEN MCGREEN TECHNOLOGY CO., LTD., SHISHI GETERUIQU TRADING CO., LTD., SHISHI MENGDIQIU GARMENT CO., LTD., SHOP1102547684 STORE, SHOP1103534945 STORE, SIMENUAL OFFICIAL STORE, WEIRD PUSS OFFICIAL STORE, XIAMEN NINGNING QI E-COMMERCE CO., LTD., XIAMEN ZAILUSHANG CULTURE MEDIA CO., LTD., YIWU CHUANHU TRADE CO., LTD., YIWU DUOYIDUO E-COMMERCE CO., LTD., YIWU GENDUN E-COMMERCE FIRM, YIWU KUAYUE TRADE CO., LTD., YIWU MONGXU ECOMMERCE FIRM, YIWU MUXIAO INTERNATIONAL TRADE CO., LTD, YIWU OUER SUPPLY CHAIN CO., LTD., YIWU OUTAO E-COMMERCE FIRM, YIWU PENG RUI JEWELRY ACCESSORIES CO., LTD., YIWU PUYANG E-COMMERCE FIRM, YIWU QIUDUN IMPORT & EXPORT CO., LTD., YIWU SUBKING TECHNOLOGY CO., LTD., YIWU WEIYU JEWELRY CO., LTD., YIWU XINCHUAN CLOTHING CO., LTD. and ZHICIYIJIA STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Denim Tears** | Denim Tears, LLC |
| **Defendants** | AOSHIYA Work Pants Store, Beata Les Tendance Store, Catherine's Wardrobe Store, Cosy Zone777 Store, Dongguan Baite Technology Co., Ltd., Dongguan Sanniu Clothing Co., Ltd., Dongguan Weiyou Import Export Co., Ltd., Dongguan Yilan Garment Co., Ltd., Dongguan Yixian Garment Co., Ltd., EHMD Official Store, ESSENTIALS 11 Store, Fashion Trendy Shop Store, Firmranch Another Store, Foshan Jianghuitong Trading Co., Ltd., Fujian Quanzhou Teqian Trade Co., Ltd, Green Fiary Store , Guangxi Jinshuxiang Apparel Co., Ltd., Guangzhou Baiyun Jinsha Yangwang Boutique Store, Guangzhou Beichao Clothing Co., Ltd., Guangzhou Boxu Trading Co., Ltd., Guangzhou Fansheng Trade Co., Ltd., Guangzhou Jiaerdi Garment Co., Ltd., Guangzhou JSW Technology Co., Ltd., Guangzhou Junbo Clothing Co., Ltd., Guangzhou Kula Clothing Co., Ltd., Guangzhou Langshi Garment Co., Ltd., Guangzhou Leisurely Fashion Corporationlimited, Guangzhou Luosi International Trading Co., Ltd., Guangzhou Ningpu Garments Co., Ltd., Guangzhou Pei Ming Clothing Co., Ltd., Guangzhou Qirun Trading Co., Ltd., Guangzhou Ruibeier Industrial Co., Ltd., Guangzhou Sunhouse Co., Ltd., Guangzhou Tianduoduo Trading Co., Ltd., Guangzhou Wei Zhu Clothing Co., Ltd., Guangzhou Yiluhong Garment Co., Ltd., Guangzhou Yinier Clothing Firm, Guangzhou Youyuan Garment Co., Ltd., Guangzhou Yunying Clothing Co., Ltd., Hakka Sister (guangzhou) Technology Co., Ltd, Hefei Omg Import And Export Co., Ltd, Hellstar Studios Office Store, Henan Lansheng Trading Co., Ltd., Hengshui Liqi Trading Co., Ltd., Hengshui Nadaqi Trading Co., Ltd., Hengyang Jayjay Trading Co., Ltd., Jian 'ou Borui Trading Co., Ltd., Jiangxi Friends Garment Co., Ltd., Jiangxi Shiyixia Clothing Co., Ltd., Jinhua Yumco Import And Export Co., Ltd., Kanye Streetwear Store, Louisfashion Limited, MC Industrial (Guangzhou) Co.,Ltd., Mfashion Store, Nanchang Maikouqi Clothing Trading Co., Ltd., Nanjing Shengshiyuan International Trade Co., Ltd., NVFelix Specialty Store, Oriental Jingwei (Xiamen) Import & Export Co., Ltd., Quanzhou Chensheng Trading Co., Ltd., Quanzhou City Fengze District Zhuoke Trading Co., Ltd., Quanzhou Fengze District Shengqiaozhi Shoes Clothing Firm, Quanzhou Hohai Trade Company Limited, Quanzhou Minyou Import And Export Co., Ltd., Quanzhou Patti Trading Co., Ltd., Shenzhen Hoyugo Fashion Co., Ltd., Shenzhen Mcgreen Technology Co., Ltd., Shishi Geteruiqu Trading Co., Ltd., Shishi |

i

|  | Mengdiqiu Garment Co., Ltd., Shop1102547684 Store, Shop1103534945 Store, Simenual Official Store, WEIRD PUSS Official Store, Xiamen Ningning Qi E-Commerce Co., Ltd., Xiamen Zailushang Culture Media Co., Ltd., Yiwu Chuanhu Trade Co., Ltd., Yiwu Duoyiduo E-Commerce Co., Ltd., Yiwu Gendun E-Commerce Firm, Yiwu Kuayue Trade Co., Ltd., Yiwu Mongxu Ecommerce Firm, Yiwu Muxiao International Trade Co., Ltd, Yiwu Outao E-Commerce Firm, Yiwu Peng Rui Jewelry Accessories Co., Ltd., Yiwu Puyang E-Commerce Firm, Yiwu Subking Technology Co., Ltd., Yiwu Weiyu Jewelry Co., Ltd., Yiwu Xinchuan Clothing Co., Ltd. and zhiciyijia Store |
|---|---|
| **Alibaba** | Alibaba.com Singapore E-Commerce Ptd. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Herring Dec.** | Declaration of Kevin Herring in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Denim Tears Products** | A successful and high-end lifestyle streetwear line of men's and women's apparel, as well as accessories, bags and other ready-made goods |
| **Denim Tears Marks** | U.S. Trademark Registration Nos.: 6,130,729 for " |

ii

| | |
|---|---|
| | **DENIM TEARS** " for a variety of goods in Class 25 and 6,770,233 for " " for a variety of goods in Class 25 |
| **Denim Tears Work** | U.S. Copyright Registration No.: VA 2-248-145 covering "COTTON WREATH" |
| **Counterfeit Products** | Products bearing or used in connection with the Denim Tears Marks and/or Denim Tears Work, and/or products in packaging and/or containing labels bearing the Denim Tears Marks and/or Denim Tears Work, and/or bearing or used in connection with marks and/or artwork that are confusingly similar to the Denim Tears Marks and/or Denim Tears Work, and/or products that are identical or confusingly similar to the Denim Tears Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services, Alipay.com Co., Ltd., Ant Financial Services Group, AUS Merchant Services, Inc. ("AUS"), Alipay Merchant Services Pte. Ltd., and PingPong |

| | |
|---|---|
| | Global Solutions, Inc. ("PingPong"), in each case provided that such entity is subject to the jurisdiction of this Court |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise, in each case provided that such entity is subject to the jurisdiction of this Court |

WHERAS, Plaintiff having moved *ex parte* on July 26, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on March 27, 2025 ("TRO") which ordered Defendants to appear on April 10, 2025 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on April 2, 2025, Plaintiff wrote a letter to the Court requesting to modify and extend the TRO, including the date of the Show Cause Hearing, and extend the sealing period;

WHEREAS, on April 4, 2025, the Court granted Plaintiff's request and, *inter alia*, adjourned the Show Cause Hearing to April 23, 2025 at 2:00 p.m. ("April 4, 2025 Order");

WHEREAS, on April 16, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the April 4, 2025 Order on each and every Defendant, except Defendants All-in-One Store, Dongguan Caiheng Apparel Co., Ltd., Yiwu Ouer Supply Chain Co., Ltd. and Yiwu Qiudun Import & Export Co., Ltd.;

WHEREAS, on April 23, 2025 at 2:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## **PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW**

A.      Plaintiff is likely to prevail on its Lanham Act, Copyright Act and related common law claims at trial.

B.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

   a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Denim Tears Marks and/or Denim Tears Work; and

   b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Denim Tears Products.

C.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Denim Tears Marks and Denim Tears Work and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D.      Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Denim Tears Marks and Denim Tears Work, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Denim Tears Products.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs 1(a)(vii)-1(a)(ix) below, which shall apply worldwide) pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Denim Tears Marks and/or Denim Tears Work and/or marks or works that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Denim Tears Marks and/or Denim Tears Work;

      ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products in violation of this Order;

      iii. directly or indirectly infringing in any manner Plaintiff's Denim Tears Marks and/or Denim Tears Work;

      iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Denim Tears Marks and/or Denim Tears Work to identify any goods or services

        not authorized by Plaintiff;

    v. using Plaintiff's Denim Tears Marks and/or Denim Tears Work or any other marks or artwork that are confusingly similar to the Denim Tears Marks and/or Denim Tears Work on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

    vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

    vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    ix. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above and 1(b)(i) through 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order and are subject to the jurisdiction of this Court, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order and are subject to the jurisdiction of this Court, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the

Court:

　　i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts that have offered for sale and/or sold Counterfeit Products, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

　　ii. instructing, aiding or abetting Defendants and/or any person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) above and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and Defendants' Assets and shall provide written confirmation of such attachment to Plaintiff's counsel.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and

    34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receipt of service of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents

  sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant

8

        Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Denim Tears Marks and/or Denim Tears Work and/or marks or works that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Denim Tears Marks and/or Denim Tears Work.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants for the purposes of this Order.

5. As sufficient cause has been shown, Plaintiff may notify the Third Party Service Providers and Financial institutions of this Order by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

   c) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

   d) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where

       Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at Third Party Requests at thirdpartyrequests@payoneer.com; and

   e) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

6. Service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by regular service.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**
SIGNED this _23rd_ day of __April____, 2025, at 8:12 p.m.
New York, New York

                                                    HON. GREGORY H. WOODS
                                                    UNITED STATES DISTRICT JUDGE